IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02412-MSK-BNB

LEVON DAVIS, a minor by and through next friends, LANCE DAVIS, and REBECCA DAVIS,

Plaintiff,

v.

MESA COUNTY VALLEY SCHOOL DISTRICT NO. 51, and
J. TIM MILLS, in his individual capacity only,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Unopposed Motion to Amend Scheduling Order Discovery Dates, and Brief In Support Thereof** (the "Motion"), filed July 18, 2005. Contrary to its caption, the Motion is opposed. I have received and reviewed the defendants' response in opposition to the Motion. The Motion is GRANTED.

The Motion seeks relief in two areas. First, the plaintiff requests that the dates for the depositions which the defendants plan to take be delayed by one month, from August 15 and 16 to September 15 and 16, 2005. Second, the plaintiff requests that the deadline for propounding initial written discovery requests be reset from July 1, 2005, to July 15, 2005.

I note that the discovery cut-off is December 6, 2005, and the trial is set for June 19, 2006.

At the scheduling conference held on May 25, 2005, I stated that I would delete the proposed deposition dates and substitute a notation that those dates were to be determined. I did

that with respect to the depositions expected to be taken by the plaintiff, but through inadvertence I failed to do the same for the depositions expected to be taken by the defendants. This error probably occurred because the depositions to be taken by the plaintiff appear on a separate page from those expected to be taken by the defendant. In any event, it was my intention that the dates for all depositions were to be determined.

The parties suggested that there be a deadline for the initial round of written discovery; I normally do not impose such a requirement. My concern is that all written discovery must be served so that responses are due on or before the discovery cut-off. There is no priority of discovery. Absent some problem among the parties, I do not become involved in the sequencing of discovery. The defendants' position apparently is that the plaintiff should be foreclosed from taking any written discovery in the remaining five months prior to the discovery cut-off because he failed to serve an initial set of written discovery by July 1. No legitimate purpose is served by such an order.

IT IS ORDERED that the Motion is GRANTED as follows:

1) The depositions expected to be scheduled by parties may be taken at any time as they may agree so long as they are completed on or before the discovery cut-off; and

2) Written discovery may be served at any time so long as the responses are due on or before the discovery cut-off.

Dated July 21, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge